

FILED BY_____D.C.

MAR 12 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF FLORIDA

24CV60045

JAMES HOSANNA,

Plaintiff,

-v-

EXPERIAN INFORMATION
SOLUTIONS, INC.
Defendants.

CASE

COCE23090794

CIVIL ACTION

Amickt

COMPLAINT
AND
DEMAND FOR JURY TRIAL

INTRODUCTION

1. Plaintiff, James Hosanna, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging Experian has been negligently, recklessly and knowingly reporting false information regarding to my credit file .

2. Plaintiff further alleges that major consumer reporting agencie, Experian Information Solutions, Inc. (Experian), has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and filing fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

All defendants regularly conduct business within the state of Florida, and violated Plaintiffs rights under the FCRA in the state of Florida as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, James Hosanna ("Plaintiff"), is a resident of Fort Lauderdale, Florida in Broward County, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

Mesa, California.

## FACTUAL ALLEGATIONS

10. Plaintiff has a car lease on his personal , which he has never been late on.

11. In fact, Plaintiff's payments to BMW have been documented as paid from the Plaintiff's bank account every month.

12. Nonetheless, Bmw has been falsely reporting to the consumer reporting agencies that the Plaintiff was late on his monthly payments in September of 2021.

13. Plaintiff disputed this erroneous reporting with Experian, TransUnion and Equifax on both October 4, 2021 and November 29, 2021, to no avail.

14. Instead, Experian, responded to Plaintiff, claiming that they had 'verified' James Hosanna was indeed being properly reported as late on his September 2021 BMW payments.

15. At all times pertinent hereto, Experian conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

16. At all times pertinent hereto , BMW conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

17. As a direct and proximate result the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA,

equity line of credit he needed to remodel his retirement home, all as a result of the Defendants' failure to correct very basic inaccurate reporting.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 1 5 U.S.C. § 1681i
## AGAINST EXPERIAN

18. All preceding paragraphs are realleged.

19. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

20. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

21. On multiple occasions in 2021,2022,2023, Plaintiff initiated disputes with Experian requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him.

22. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, something that any basic investigation would have prevented.

23. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C.
## § 1681e(b)
## AGAINST
## EXPERIAN

24. All preceding paragraphs are realleged.

25. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

26. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Bmw information being reported on the Plaintiff's credit report, especially where a basic review of bmw account or payment records would have reflected the Plaintiff's timely payments.

27. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

28. Bmw's conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: February 20, 2024

By *[signature]*
James
hosann
95 Ne 41st k164
Oakland park fl 33334
Phone: (305)504-9049
jameshosanna@mail.com
Per se *Plaintiff*